**Martha Elia OLEA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–71117.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted July 22, 2008.*

Filed Aug. 7, 2008.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Francis William Fraser, I, Esquire, Senior Litigation Counsel, Blair T. O'Connor, Esquire, Oil, Barry J. Pettinato, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Martha Elia Olea, a native and citizen of Mexico, petitions for review of the Administrative Appeals Unit's ("AAU") order dismissing her appeal from the former Immigration and Naturalization Service's ("INS") decision denying her application for legal temporary residence as a Special Agricultural Worker ("SAW") under 8 U.S.C. § 1160. We have jurisdiction to review the denial of a SAW application pursuant to 8 U.S.C. § 1160(e)(3). We will reverse a decision of the AAU where it abuses its discretion or makes findings that are contrary to clear and convincing facts contained in the record considered as a whole. *See Perez–Martin v. Ashcroft,* 394 F.3d 752, 758 (9th Cir.2005); *see also* 8 U.S.C. § 1160(e)(3)(B).

The AAU did not abuse its discretion when it determined that Olea's witness affidavits were of little probative value and did not establish Olea's eligibility for relief in light of the government's evidence that called into question her claim of employment by Cayetano Godina. *See Perez–Martin,* 394 F.3d at 759–60 (to overcome derogatory government evidence, an applicant must provide enough evidence to show qualifying employment "as a matter of just and reasonable inference") (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

178

Olea's contention that the government denied her due process is not supported by the record. The relevant regulation states that the government shall attempt to secure employment records where, among other conditions, the applicant's testimony credibly supports her claim. *See* 8 C.F.R. § 210.3(b)(4). Because Olea's claim was refuted by her employer, the AAU's determination that she did not provide credible testimony is supported by the record, and 8 C.F.R. § 210.3(b)(4) did not require the government to attempt to secure her employment records.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.